# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| JOHN B. ROBINSON, | ) |
| | ) |
| Plaintiff, | ) No. 1:11-cv-00004 |
| | ) Judge Trauger |
| v. | ) |
| | ) |
| GILES COUNTY SHERIFF'S DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

## M EM O RA N D U M

The plaintiff, proceeding *pro se* and *in forma pauperis,* is incarcerated at the Giles County Jail in Pulaski, Tennessee. He brings this action under 42 U.S.C. § 1983 against the Giles County Sheriff's Department, alleging that the Giles County Jail does not maintain an adequate law library. (Docket No. 1). He asks the court to order the jail to purchase various legal research materials for the inmates. He also seeks an audit of the federal funds provided to the jail and an injunction to suspend jail funding. (*Id*. at p.5).

## I.      Prison Litigation Reform Act Standard

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d

1

863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## II.    Section 1983 Standard

The plaintiff alleges a claim under § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## III.   Analysis

The crux of the plaintiff's complaint is that the Giles County Jail does not have an up-to-date law library. The plaintiff states that he has been trying to obtain legal material so that he can represent himself[1] with regard to a criminal charge, but that the law books he needs are either not available at the jail or are out of date. (Docket No. 1 at p. 5).

A contention that a prisoner has been denied an adequate law library is to be analyzed as a denial of access to the courts claim. *See Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). The law is well settled that a prisoner has a First Amendment right of access to the courts. *See e.g.,*

---

[1] He also states that he has been told that "the courts gave me a lawyer." (Docket No. 1 at p.3).

*Lewis v. Casey*, 518 U.S. 343 (1996); *Bounds v. Smith*, 430 U.S. 817, 821-824 (1977). To that end, prison officials are under an affirmative obligation to provide inmates with access to an adequate law library, *Walker*, 771 F.2d 920, or some alternative form of legal assistance, *Procunier v. Martinez*, 416 U.S. 396, 419 (1974)(overruled on other grounds by *Thornburgh v. Abbott*, 490 U.S. 401 (1989)). The right of access to the courts requires prison officials to ensure that inmates have access to the courts that is adequate, effective, and meaningful. *Lewis*, 518 U.S. at 354-55 (1996); *Bounds*, 430 U.S. at 821-24, 828. Meaningful access varies with the circumstances, and prison officials are accorded discretion in determining how that right is to be administered. *Bounds*, 430 U.S. at 830-31.

To state a claim on which relief may be granted under § 1983, it is insufficient for a plaintiff simply to claim that he was denied access to the courts because he did not have access to an adequate law library. To state a claim on which relief may be granted, the plaintiff must "plead and prove" that a defendant's conduct in some way prejudiced the filing or prosecution of a legal matter. *Lewis*, 518 U.S. at 351, 354-55; *Walker*, 771 F.2d at 932; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). For example, the plaintiff must demonstrate that the inadequacy of the prison law library "caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim." *Lewis*, 518 U.S. at 354-55.

In the instant case, the plaintiff has not alleged or indicated in what way he has been prejudiced in litigating his claims. Therefore, the court finds that the plaintiff has failed to state a claim for denial of access to courts. The complaint alleges no other claims.

**IV.   Conclusion**

For the foregoing reasons, the court finds that the plaintiff's complaint fails to state a claim

upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. Accordingly, the plaintiff's complaint will be dismissed.

An appropriate Order will be entered.

_____
Aleta A. Trauger
United States District Judge